```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
MICHAEL KOEHLER,                                      :
                                                      :
                              Plaintiff,              :
                                                      :        17-CV-6075 (VSB) (KNF)
              -v-                                     :
                                                      :        OPINION & ORDER
                                                      :
NANCY BERRYHILL, Acting Commissioner                  :
of the Social Security Administration,                :
                                                      :
                              Defendant.              :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/2019

VERNON S. BRODERICK, United States District Judge:

Appearances:

Edward Joseph Madigan
Meltzer, Fishman, Madigan & Campbell
New York, New York
*Counsel for Plaintiff*

Allison Rovner
U.S. Attorney's Office for the Southern District of New York
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Before me is the June 21, 2018 Report and Recommendation ("Report" or "R&R") of Magistrate Judge Kevin Nathanial Fox, recommending that Defendant's motion for judgment on the pleadings be granted, and that Plaintiff's motion for judgment on the pleadings be denied. (Doc. 16.) For the reasons that follow, I adopt the Report in its entirety.

## I. Background

      Plaintiff filed his Complaint in this action on August 11, 2017, pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of the "final determination . . .

that [Plaintiff] is not entitled to a period of disability and to disability insurance under 42 U.S.C. 416(I) and 42 U.S.C. 423, respectively." (Doc. 1.) On October 4, 2017, I entered an Order referring the case to Magistrate Judge Fox. (Doc. 9.)

On January 22, 2018, Plaintiff filed a motion for judgment on the pleadings, (Doc. 11), and a document in support that was styled as a "memorandum," (Doc. 12). On March 23, 2018, Defendant also filed a motion for judgment on the pleadings, (Doc. 14), with a memorandum of law in support, (Doc. 15).

On June 21, 2018, Magistrate Judge Fox issued his Report. (Doc 16.) The Report recommended that Plaintiff's motion be denied and that Defendant's motion be granted. The Report also ordered that, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the parties would have fourteen days from the date of the Order to file written objections to the Report and Recommendation. (*Id.*) On July 5, 2018, Plaintiff filed a one-page letter "in objection to the report and recommendations." (Doc. 17.) Defendant responded to the letter on July 19, 2018. (Doc. 18.)

## II.  **Legal Standard**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a party submits a timely, specific objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). With regard to a report and recommendation that is not objected to, or the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation, or the unobjected-to portion thereof, for clear error. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y.

2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Further, when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. *See Pearson–Fraser v. Bell Atl.*, No. 01-CV-2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003).

### III. Discussion

Plaintiff's objections take up one page and consist of four points that, in their entirety, state as follows:

> ONE     The medical evidence established that the plaintiff's disabling conditions met or equaled the listings of 1:02, 1:04, 1:08 and 11:08.
>
> TWO     The combination of severe and non-severe impairments rendered him totally disabled.
>
> THREE     The Administrative Law Judge's [*sic*] applied the Medical Vocational Guidelines improperly. The Administrative Law Judge failed to discuss the weight of the treating physicians and sources. Additionally, the judge's finding of an RFC of sedentary was not supported by the medical evidence and the testimony of the claimant. Under an application of the Medical Vocational Guidelines, section 2i0:00, H 4 mandates a finding of disabled.
>
> FOURTH     The Judge failed to consider a closed period of benefits while the claimant underwent right knee surgery on February 6,2014 and lumbar surgery on March 26,2015. This issue is never dealt with by the Administrative Law Judge and the Magistrate.

(Pl. Objs. 1.)[1] Plaintiff's objections are appropriately characterized as conclusory and general, rendering the Report subject only to review for clear error. *See Pearson–Fraser*, 2003 WL 43367, at *1. Specifically, Plaintiff's letter objecting to the Report does not identify any legal authority that supports his objections, nor does it cite to evidence in the record to support his factual assertions. (*See generally* Pl. Objs.) This lack of legal rigor is consistent with the Plaintiff's prior submissions, as Judge Fox noted in the Report: "[Plaintiff] submitted a

---

[1] "Pl. Objs." refers to the letter submitted by Plaintiff on July 5, 2018. (Doc. 17.)

3

document styled "MEMORANDUM" in support of his motion, which, apart from making citation to 42 U.S.C. § 405(g) . . . does not make citation to any legal authority and does not set forth 'the cases and other authorities relied upon in support of the motion,' as required by Local Civil Rule 7.1(a)(2)." (R&R 7.) I address each objection below.

Plaintiff's first objection is an impermissible new argument that was not made in his motion for judgment on the pleadings. Plaintiff argues, for the first time, that the "medical evidence established" Plaintiff's disabling conditions met or equaled the relevant listings. (Pl. Objs. 1.) Before Judge Fox—as outlined in Plaintiff's memorandum in support of his motion for judgment on the pleadings—Plaintiff argued only that the administrative law judge ("ALJ") had "failed to adequately explain why the Plaintiff did not meet" the relevant listings. (Pl. Mem. 4.)[2] Accordingly, Plaintiff's first objection does not trigger *de novo* review. *See Chisolm v. Headley*, 58 F. Supp. 2d 281, 284 n.2 (S.DN.Y. 1999).

Plaintiff's second objection, that his "impairments rendered him totally disabled," (Pl. Objs. 1), also does not trigger *de novo* review because it is merely a reiteration of an argument he made before the Magistrate Judge, (Pl. Mem. 4 (arguing that "claimant should have been found disabled")). *See Manon v. Albany Cty.*, No. 9:11-CV-1190 (GTS/CFH), 2012 WL 6202984, at *3 (N.D.N.Y. Dec. 12, 2012).

Plaintiff's third objection essentially makes two arguments that also do not merit *de novo* review. First, he argues that the ALJ "failed to discuss the weight of the treating physicians and sources." (Pl. Objs. 1.) This argument was not raised before Magistrate Judge Fox, and so does not trigger *de novo* review. *See Chisolm*, 58 F. Supp. 2d at 284 n.2. Second, Plaintiff argues that

---

[2] "Pl. Mem." refers to Plaintiff's Memorandum, submitted in support of his motion for judgment on the pleadings, dated January 22, 2018. (Doc. 12.)

"the judge's finding of an RFC of sedentary was not supported by the medical evidence and the testimony of the Plaintiff." (Pl. Objs. 1.) Plaintiff did not raise this argument before Magistrate Judge Fox; therefore, it does not trigger *de novo* review. *See Chisolm*, 58 F. Supp. 2d at 284 n.2.

Plaintiff's final objection is that the ALJ "failed to consider a closed period of benefits while the claimant underwent knee surgery," and that the issue "is never dealt with by the [ALJ] and [*sic*] the Magistrate." (Pl. Objs. 1.) First, this unsupported statement is an impermissible reiteration of an argument already made to the Magistrate Judge. *See Manon*, 2012 WL 6202984, at *3. Second, the closed period that Plaintiff asserts should have been considered is inexplicably different in his memorandum in support of his motion for judgment on the pleadings and his letter. (*Compare* Pl. Mem. 4 (arguing for a closed period from October 4, 2013 through December 31, 2015 while Plaintiff underwent knee surgery), *with* Pl. Objs. 1 (arguing for a closed period from February 6, 2014 through March 26, 2015 while Plaintiff underwent knee surgery).) Finally, Plaintiff's claim that the Magistrate Judge did not consider this issue is incorrect, since the Report clearly states that "[Plaintiff] asserts, in a conclusory fashion and without any explanation or support, that the ALJ did not . . . consider a closed period from October 4, 2013 through December 31, 2015." (*See* R&R 8.)

For the reasons stated above, I find that the arguments made by Plaintiff in his letter objecting to Magistrate Judge Fox's Report do not give rise to *de novo* review. I therefore reviewed the thorough, detailed, and well-reasoned Report and Recommendation for clear error and, after careful review, found none. I adopt the well-reasoned Report and Recommendation in its entirety. Plaintiff's motion for judgment on the pleadings is DENIED, and Defendant's motion for judgment on the pleadings is GRANTED.

5

The Clerk of Court is respectfully directed to terminate the motions at Documents 11 and 14, and to close this case.

SO ORDERED.

Dated: February 28, 2019
　　　　New York, New York

Vernon S. Broderick
United States District Judge